UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HUGO KEY III and JONATHAN KEY       :

                            :

         vs.                       :    C.A. No. 1:20-cv-347-WES-LDA

                            :

                            :

SUSSEX INSURANCE COMPANY, INC., f/k/a    :
COMPANION PROPERTY & CASUALTY       :
INSURANCE COMPANY, a/k/a CLARENDON    :
NATIONAL INSURANCE COMPANY, successor :
in interest to SUSSEX INSURANCE COMPANY, :
BONDEX INSURANCE COMPANY, and DALE    :
GROUP, INC. d/b/a BONDEX PROGRAM      :
MANAGERS                           :

**PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES
TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DEFENDANTS BONDEX INSURANCE COMPANY AND
DALE GROUP, INC., d/b/a BONDEX PROGRAM MANAGERS**

Pursuant to Rule 37(a)(3)(B) of Federal Rules of Civil Procedure, plaintiffs Hugo

Key III and Jonathan Key hereby move for an Order of this Court compelling defendants

Bondex Insurance Company and Dale Group, Inc. d/b/a Bondex Program Managers

(individually and/or collectively "Bondex") to provide further answers to plaintiffs' first

set of interrogatories (dated August 19, 2020), and to produce further documents

requested by plaintiffs' first request for production of documents (dated August 14,

2020).

       **I.**        **INTERROGATORIES**

           A.       First, Bondex prefaced its response to plaintiffs' interrogatories

with a litany of "General Objections," as follows:

GENERAL OBJECTIONS

          1.        Bondex and Dale object to each Interrogatory to the extent it seeks

the disclosure of any information protected from disclosure by the attorney-client privilege.

2.      Bondex and Dale object to each Interrogatory to the extent it seeks the discovery of information obtained or prepared in the anticipation of litigation or for trial by or for Bondex and Dale and/or their representatives.

3.      Bondex and Dale object to each Interrogatory to the extent it seeks discovery of attorney work-product or any information containing or reflecting the mental impressions, conclusions, opinions, or legal theories of an attorney and/or other representatives of Bondex and Dale concerning litigation. FRCP 26(b)(3)(B).

4.      Bondex and Dale object to each Interrogatory to the extent it seeks information not within Bondex or Dale's knowledge, possession, or control.

5.      Bondex and Dale object to each Interrogatory to the extent it is overly broad, duplicative, and/or not limited in scope or time to the period relevant to this litigation.

6.      Bondex and Dale object to each Interrogatory to the extent it is vague or ambiguous.

7.      Bondex and Dale object to each Interrogatory to the extent it does not seek the disclosure of information that is reasonably calculated to lead to the discovery of admissible evidence.

8.      Bondex and Dale object to each Interrogatory to the extent that compliance with the same would be unduly burdensome, impose extreme or undue hardship on Bondex or Dale, or would result in the expenditure of unnecessary time and resources.

9.      Bondex and Dale object to each Interrogatory to the extent that Plaintiffs have not offered a definition of a term used in an Interrogatory and where the lack of a definition has rendered the request vague, ambiguous, uncertain, or difficult to understand.

10.      Bondex and Dale object to each Interrogatory to the extent that compliance with the same would require the creation of any document(s) which does not exist.

11.      Bondex and Dale object to each Interrogatory to the extent that it seeks the production of confidential and/or proprietary information.

12.      Bondex and Dale object to the disclosure of any information falling within any of the foregoing General Objections or Specific Objections set

forth below, and in the event that any information falling within one or more of such Objections is disclosed in response to Plaintiffs' Interrogatories, such disclosure is inadvertent and shall not constitute a waiver of such objection.

13.    Bondex and Dale object to each Interrogatory to the extent the information and/or materials sought are irrelevant to the Declaratory Judgment and Injunctive Relief or Slander of Title claims pending against Bondex and Dale, per the Amended Complaint. Any and all such information and/or materials would not be reasonably calculated to lead to admissible evidence.

These General Objections are not permissible under Local Rule LR Cv 33(b). Plaintiffs, therefore, request that these objections be overruled and/or stricken.

B.    Plaintiffs seek further answers to the following interrogatories:

Interrogatory No. 5.   Identify all documents constituting, reflecting, evidencing or relating to any communications of any kind (including without limitation emails and text messages) between or among any persons or entities, including without limitation Companion, Bondex, Tobey, Tavaglione, Bauer, and/or Tucker, Albin, discussing, referring to, or otherwise relating to:

a.    the General Agreement of Indemnity;
b.    the mortgages on plaintiffs' real estate;
c.    the reasons or purposes for recording the mortgages;
d.    the legal validity of the mortgages;
e.    whether or not Companion and/or Bondex had the right, power and/or authority under the General Agreement of Indemnity to prepare, sign and record the mortgages;
f.    Companion's designation of Bondex and/or Philip S. Tobey as attorney-in-fact for HK&S, Hugo Key III and/or Jonathan Key pursuant Section 7 (POWER OF ATTORNEY) of to the General Agreement of Indemnity;
g.    any and all efforts and activities relating to the collection of any debt or sums owed to Companion by plaintiffs or any other individual indemnitors under the General Agreement of Indemnity;
h.    the ability of plaintiffs to satisfy any judgment that Companion might obtain against them for collection of any debt or sums owed to Companion under the General Agreement of Indemnity;
i.    the potential that plaintiffs might file for bankruptcy; and
j.    the bankruptcy proceedings filed by plaintiffs with the U.S. Bankruptcy Court for the District of Rhode Island.

3

ANSWER:

- 2/19/2014 Email from Mark Leskanic, Subject: HK&S – December 31, 2013 Fiscal Year End CPA Review;
- 4/23/2013 Email from Craig Woehr, Subject: FW: New Contractor Submission – HK&S;
- 6/3/2013 Email from Craig Woehr, Subject: RE: Hugo Key/Bid Results Trumbull, CT 05/31;
- 6/5/2013 Email from Craig Woehr, Subject: RE: Montville – Will Not Bid;
- 6/18/2013 Email from Phil Tobey, Subject: RE: HK&S/Greenwich, CT Lake Avenue $400m 06/20;
- 8/8/2013 Email from Craig Woehr, Subject: RE: Waterford CT Bond Request Form;
- Bondex – Account Email Correspondence Record;
- Account Write Up;
- 3/18/2016 Letter from Bondex to Indemnitors;
- 6/10/2013 Email from Craig Woehr, Subject: RE: Hugo Key/Bond Req/Kent Sewer Commission $600m 06/11;
- 7/24/2013 Credit Reference Check by Dale to BB&S;
- 5/20/2013 Credit Reference Check by Bondex to Coventry Lumber, Inc.;
- 5/21/2014 Job Reference Check by Bondex to Town of Brewster – CLE Engineering;
- 5/21/2014 Job Reference Check by Bondex to Town of Lincoln – Barney Pond Dam Pedestrian Bridge;
- 1/27/2017 Email from Brielle Tavaglione, Subject: FW: Rhode Island Mortgage Filing;
- 6/24/2013 Email from Craig Woehr, Subject: HK&S Construction Holdings, Inc.;
- 1/14/2016 Email from Santos Foundations, Inc., Subject: RE: Revised Release and Assignment;
- 1/6/2016 Claim Summary re: Santos Foundations, Inc.;
- 7/17/2013 Email from Erin Nelson, Subject: RE: Hugo Key/Letter of Intent/Prequalification;
- 9/3/2013 Email from Erin Nelson, Subject: FW: HK & S Comp 3/31/13;

ARGUMENT:   Bondex engaged a collection firm, Tucker, Albin & Associates, Inc. ("Tucker Albin") of Richardson, TX and its employees, Dennis Craft and Colin Simson, to pursue collection of the debt owed to Companion Property & Casualty Insurance Company ("Companion") by plaintiffs Hugo Key III and Jonathan Key as individual indemnitors under the General Agreement of Indemnity with Companion. The mortgages to Companion that were recorded on plaintiffs' personal homes were prepared

4

by Bondex Operations Manager Megan Bauer, signed by Bondex President Philip Tobey

"pursuant to Power of Attorney" (purportedly under the General Agreement of

Indemnity), and recorded with the North Kingstown land evidence records at the

direction of Bondex General Counsel Brielle Tavaglione, in an effort to collect on

plaintiffs' contractual debt to Companion. Bondex has not identified any documents

relating to any communications involving Tucker Albin, Mr. Craft, Mr. Simson, or any

other Tucker Albin employees or representatives. It is inconceivable that no responsive

documents would exist. Defendant should be ordered to provide a complete and

responsive answer in this regard.

Interrogatory No. 10.  Has Companion and/or Bondex ever recorded a mortgage

on real estate owned by an individual indemnitor of Companion and/or Bondex under a

General Agreement of Indemnity, pursuant to or purportedly pursuant to the Power of

Attorney clause?  If so, identify all communications and documents relating to such

mortgages.

> OBJECTION: In addition to the General Objections set forth above and
> incorporated herein, Bondex and Dale object to this interrogatory on the following
> grounds:
>
> a.  seeks information that is not within Bondex or Dale's knowledge, possession,
>     or control;
> b.  is overly broad as it is not limited in time and seeks all mortgages; and
> c.  the determination of whether other mortgages—unrelated to Plaintiffs'
>     claims— were recorded is irrelevant to the claims against Bondex and Dale
>     per the Amended Complaint.

ARGUMENT:    The information sought is relevant to this action and reasonably

calculated to lead to the discovery of admissible evidence relating to plaintiffs' claims for

declaratory relief and for slander of title, including but not limited to the knowledge, state

of mind, and course of conduct of defendants and their officers, agents, employees and

5

representatives. The objection is baseless. Plaintiffs seek a complete and responsive

answer to this interrogatory.

      Interrogatory No. 11.  Identify all communications and documents relating to any

claims or litigation brought against Companion and/or Bondex relating to the recording

of a mortgage on real estate owned by an individual indemnitor under a General

Agreement of Indemnity.

> OBJECTION: In addition to the General Objections set forth above and
> incorporated herein, Bondex and Dale object to this interrogatory on the following
> grounds:
>
> a.  seeks information that is not within Bondex or Dale's knowledge, possession,
>     or control;
> b.  is overly broad as it is not limited in time;
> c.  the existence of claims or litigation by other non-parties is irrelevant to the
>     claims against Bondex and Dale per the Amended Complaint.

      ARGUMENT:    The information sought is relevant to this action and reasonably

calculated to lead to the discovery of admissible evidence relating to plaintiffs' claims for

declaratory relief and for slander of title, including but not limited to the knowledge, state

of mind, and course of conduct of defendants and their officers, agents, employees and

representatives. The objection is baseless. Plaintiffs seek a complete and responsive

answer to this interrogatory.

## II.      REQUEST FOR PRODUCTION

      A.      Bondex prefaced its response to plaintiffs' requests for production

of documents with the same litany of "General Objections" quoted above. Again, these

General Objections are not permissible under Local Rule LR Cv 33(b), and plaintiffs

therefore request that they be overruled and/or stricken.

B.      Plaintiffs seek to compel a further response and production of documents responsive to the following request:

Request No. 5.   All documents constituting, reflecting, evidencing or relating to any communications of any kind (including without limitation emails and text messages) between or among Companion, Bondex, Tobey, Tavaglione, and/or Bauer and the collection agency Tucker, Albin & Associates, Inc. based in Richardson, Texas or any agents, officers, employees, contractors, investigators and representatives of Tucker, Alvin [sic] & Associates, Inc., including without limitation Dennis Craft, Colin Simpson, and/or Meter Investigations or any other private investigator or investigation firm hired, assigned or utilized by Tucker, Alvin [sic] & Associates, Inc., relating to the General Agreement of Indemnity, the mortgages, any debt owed to Companion under the General Agreement of Indemnity, and/or efforts to collect any such debt.

RESPONSE:   Documents responsive to this request have been enclosed herewith.

ARGUMENT:   See plaintiffs' argument regarding Interrogatory No. 5, above. Bondex has failed to produce any documents relating to any communications involving its collection firm, Tucker Albin, Mr. Craft, Mr. Simson, or any other Tucker Albin employees or representatives. It is inconceivable that no responsive documents would exist. Bondex should be ordered to produce all such documents.

### Conclusion

Plaintiffs request that the Court grant their motion and enter an Order: (1) overruling and striking Bondex's "General Objections" to plaintiffs' first set of interrogatories and first request for production; (2) compelling Bondex to provide complete and responsive answers to Interrogatories Nos. 5, 10 and 11; and compelling

Bondex to produce further documents responsive to Request No. 5 – i.e., all documents

constituting, reflecting or relating to any communications involving defendants'

collection firm, Tucker, Albin & Associates, Inc., or any of its agents, officers,

employees, contractors, investigators and representatives, including without limitation

Dennis Craft, Colin Simpson, and/or Meter Investigations.

### Certification Under Rule 37(a)(2)

The undersigned certifies that movant has in good faith conferred or attempted to

confer with counsel for defendant in an effort to obtain the information and discovery

requested without court action.

> Plaintiffs
> HUGO KEY III and
> JONATHAN KEY
> By their Attorneys
>
> /s/ *Kevin P. Gavin*
> Kevin P. Gavin (#2969)
> Law Office of Kevin P. Gavin
> 31 Harrington Avenue
> Portsmouth, RI  02871
> 401-683-2044
> Email:  kevingavinlaw@gmail.com
>
> Kevin M. Daley (#4944)
> DALEY ORTON, LLC
> 1383 Warwick Avenue
> Warwick, RI 02888
> 401-921-5901 Telephone
> 401-921-5902 Fax
> kdaley@daleyorton.com

### CERTIFICATION OF SERVICE

I hereby certify that on the 12th day of October, 2020 this document was filed and served electronically through the CM/ECF system and is available for viewing via ECF by registered counsel of record.

> /s/ Kevin P. Gavin

8